UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,<br><br>Plaintiff,<br><br>v.<br><br>LYONDELL-CITGO REFINING COMPANY, LTD.,<br><br>Defendant. | CIVIL ACTION NO. H-06-cv-2229 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Costs. (Docket No. 59.) Defendant has asked the Court for an award of $5,225.10 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920. For the following reasons, Defendant's Motion is **GRANTED**.

On August 17, 2007, the Court granted summary judgment in favor of Defendant, Lyondell-Citgo Refining Ltd. (LCR) and dismissed with prejudice Plaintiff's claims alleging a violation of the collective bargaining agreement between the parties. (Docket No. 57.) Defendant filed a timely Motion for Costs seeking an award for costs incurred, among other things, in taking and defending of depositions and in the exemplification of documents. The Court stayed Defendant's Motion for Costs until the conclusion of an appeal to the Fifth Circuit. (Docket No. 71.) That Appeal has been dismissed, (Docket No. 71), and Defendant's Motion is therefore ripe for consideration by the Court.

Plaintiff does not object to Defendant's accounting of the costs. Instead, Plaintiff claims that the Court should deny Defendant's Motion because Plaintiff's claims were brought in good

faith, because Defendant has "virtually unlimited financial resources," and because Plaintiff's opposition to Defendant's alleged modification of union-member's health-care benefits "is of substantial benefit to the public." (Pl.'s Resp. to Def.'s Mot. for Costs 4-5.)

Federal Rule of Civil Procedure 54(d) creates a strong presumption that a prevailing party will receive costs. FED. R. CIV. P. 54(d); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (noting that "prevailing plaintiffs presumptively will obtain costs under Rule 54(d)"); *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) ("Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs"). The Fifth Circuit "has described the denial of costs as 'in the nature of a penalty.'" *Pacheco*, 448 F.3d at 793-94 (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); *see also Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("The court cannot require the prevailing party to share costs unless the costs serve as a sanction."). A "losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795. Other circuits have invoked a "wide range of reasons" to justify the withholding of costs including: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794 (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998). The Fifth Circuit has not decided whether any of these constitute a sufficient reason to deny costs. *Id.* at 794 n. 18. The Circuit has, however, affirmed an award of costs even where that award could have a "chilling effect" on future plaintiffs. *Cypress-Fairbanks Independent School Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 256 -258 (5th Cir. 1997).

Plaintiff has not overcome the general presumption in favor of an award of costs. Plaintiff's good faith, standing alone, cannot justify a denial of costs. Under the circumstances, Plaintiff's claim that the public interest might be served by USW's opposition to LCR's attempt to modify health-care benefits is not sufficient to overcome the strong presumption in favor of an award of costs to the prevailing party. Even if the Court were to presume that Plaintiff had presented sufficient evidence of Defendant's financial resources,[1] the Court does not believe that an award of costs in this case would be inequitable.

Defendant's Motion for Costs (Docket No. 59) is therefore **GRANTED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 10the day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] Defendant argues that Plaintiff has presented evidence of the assets of Lyondell, the parent corporation of LCR, and that these assets now belong to LCR's successor, Houston Refining, LPC, which is not a party to this lawsuit.